UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-177-HRW

DENISE STILTNER,                                    PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for a period of disability, disability insurance benefits and supplemental security income benefits on October 27, 2000, alleging disability beginning on August 23, 1999, due to a herniated disc and fibromyalgia (Tr. 101). This application was denied initially and on

reconsideration and a hearing was held before Administrative Law Judge Judith Showalter who issued a denial decision which was. Ultimately, affirmed by the Appeals Counsel. Plaintiff appealed. By Order entered on August 13, 2003, this Court remanded the case for further proceedings.

On July 7, 2004, a hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 580-595). At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 596-600).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

2

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 27, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 278-286). Plaintiff was 44 years old at the time of the hearing decision (Tr. 93). She has a high school education and one year of college (Tr. 102). Her past relevant work experience consists of work as a teacher's aid, babysitter and cashier (Tr. 107).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 285). The ALJ then determined, at Step 2, that Plaintiff suffered from fibromyalgia, degenerative disc disease, obesity and a hernia, which he found to be "severe" within the meaning of the Regulations (Tr. 285). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 285). In doing so, the ALJ specifically considered listing 1.00 (Tr. 281). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 286) but determined that she has the following residual functional capacity ("RFC"):

3

> [L]ift / carry 10 pounds frequently, 20 pounds occasionally, sit 6 hours in an 8 hour workday and stand / walk 6 hours in an 8 hour workday, only occasionally operate foot controls with both lower extremities, occasionally climb ramps / stairs, stoop, kneel, crouch and crawl, never climb ladders, ropes and scaffolds, and avoid even moderate exposure to vibration and unprotected heights and hazards.

(Tr. 285).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work (Tr. 286). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 286). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

On April 27, 2005, the Appeals Council denied Plaintiff's request for review, finding no basis to assume jurisdiction, making the ALJ's decision the final decision of the Commissioner (Tr. 269-271).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

4

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only contention on appeal is that the ALJ improperly discounted the opinion of her treating neurologist, Dr. Bal Bansal.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The regulations do not elevate a treating physician's opinion from scrutiny simply by virtue of the treating relationship. *Id.* Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In this case, the ALJ concluded that Dr. Bansal's opinion did not satisfy the above-cited regulations. The Court agrees. In his decision, the ALJ carefully set forth the reasons for which he was giving Dr. Bansal's opinion of disabling impairment little weight. For example, following remand by this Court, in July 2004, Dr. Bansal submitted a functional capacity assessment in which he indicated that Plaintiff could lift up to 25 pounds, stand or walk up to 15 minutes per day and sit up to 15 minutes per day, but could never climb, kneel, crawl, stoop or crouch and that she would have difficulty feeling, fingering, reaching and handling (Tr. 422, 543-544). However, his assessment is devoid of any explanation, rationale, clinical findings or references to objective testing, such as an MRI or nerve conduction study. There is simply no support for his restrictive

6

conclusions. Indeed, nothing in his treatment notes suggest that Plaintiff is restricted to the extent expressed in his July 2004 assessment. Notably, the notes from a September 2004 visit appear to be nothing more than a recitation of Plaintiff's subjective complaints (Tr. 571).

Further undermining Dr. Bansal's opinion is the fact that on four occasions between February 2001 and January 2002, and again in September 2004, Dr. Bansal declared Plaintiff to be "totally disabled" (Tr. 244-245, 263, 265 and 572). Yet there is no explanation for his inconsistent findings. Moreover, the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Moreover, as the ALJ discussed in his decision, Dr. Bansal's opinions were inconsistent with the other credible medical evidence of record.

In reviewing Plaintiff's submission to the Court, it seems as though Plaintiff assumes that the ALJ's decision to discount Dr. Bansal's opinion is automatically flawed because this Court previously determined that the prior ALJ had

erroneously discredited Dr. Bansal's assessment. However, the decision of the prior ALJ was vacated following this Court's remand and this matter was assigned to a new ALJ who held a new hearing during which additional, updated medical evidence was made a part of the record.

Having reviewed the ALJ's decision as well as the record, and being otherwise sufficiently advised, the Court finds that the ALJ's decision is supported by substantial evidence on the record.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __17__ day of July, 2006.

_____
Henry R. Wilhoit, Jr., Senior Judge

8